DANIEL E. LYNCH, Appellant, *v.* WILLIAM W. BUCKLEY, as Sole
Executor, etc., of THOMAS C. OAKLEY, Deceased, and Others,
Respondents.

*Specific performance of an auction sale of real property — not enforced where it is
inequitable — both of two executors must join in a sale.*

Thomas C. Oakley died seized of a one-half interest in certain real estate, leav-
ing a will by which he conferred upon his executors full power of sale.
Thereafter the executors and John B. H. Oakley, who was the owner of the
remaining half of the property, decided to offer the premises for sale. There
was an understanding between the executors and John B. H. Oakley that the
property should not be sold for less than $18,000, and this fact was made
known to the auctioneer who agreed to these conditions.

One of the executors was not present at the time of the sale and the terms of sale
were not signed by him. Upon the sale the premises were struck off to one
Daniel E. Lynch for the sum of $10,600. The vendors subsequently gave
notice that the sale had been made under a mistake and refused to convey the
property.

In an action brought by Lynch to compel the specific performance of the con-
tract of sale it appeared, according to the plaintiff's own witnesses, that the
premises were worth at least $12,000, and the defendants showed that they had
a standing offer of $15,000 for the property. It also appeared that the one-
half interest of which Thomas C. Oakley died seized had passed to his infant
son.

*Held,* that, under the circumstances, the court would, in the exercise of its dis-
cretion, refuse to compel the defendants to specifically perform the contract.

*Semble,* that where a power to sell real estate is vested in two executors, both of
them must join in the deed.

APPEAL by the plaintiff, Daniel E. Lynch, from a judgment of
the Supreme Court in favor of the defendants, entered in the office
of the clerk of the county of Westchester on the 10th day of
December, 1902, upon the report of a referee dismissing the plain-
tiff's complaint upon the merits.

*William J. Bolger* and *Andrew Hamilton,* for the appellant.

*F. R. Minrath* [*P. J. Rooney* with him on the brief], for the
respondents William W. Buckley, as executor, etc., and John B. H.
Oakley.

*William J. Moran,* guardian ad litem, for the respondent Ber-
ford Seaich Oakley.

WOODWARD, J.:

In September, 1899, Thomas C. Oakley and John B. H. Oakley were seized as tenants in common of the premises involved in this action. Thomas C. Oakley died about the third day of September, in the year above mentioned, leaving a last will and testament, by which he gave to his executors, Gilbert Oakley and William W. Buckley, full power of sale. In May, 1901, the executors above named and John B. H. Oakley, owner of an undivided one-half part of the premises, decided to offer the same for sale, and bills were posted in various parts of the country announcing an auction sale of the premises located in Larchmont Manor. Gilbert Oakley was ill at the time, and while it is shown by the evidence that he had one of the posters displayed in his bedroom, the evidence is not disputed that he had not agreed to a sale of the premises at a less figure than $20,000, and the terms of sale which were delivered to the auctioneer, William M. Ryan, were not signed by him, but by his coexecutor and the owner of the undivided half interest. It appears from the evidence and the findings of the learned referee before whom the case was tried, that there was an understanding among the executors and the owner of the undivided half interest that the property should not be sold for less than $18,000, and this fact was made known to the auctioneer, who had agreed upon these conditions. The auction occurred on the 3d of June, 1901. The terms of the sale were read, the bidding commenced and progressed until the sum of $10,600 was bid by this plaintiff, when the property was struck off. It does not appear that the plaintiff ever signed the terms of sale, which required such signing, and it is not disputed that the auctioneer did not sign the memorandum of sale until some time after the close of the transaction, and probably not until after the defendants had, through their attorney, given notice that the sale had been made under a mistake.

Berford Seaich Oakley, an infant defendant, is, as the sole heir of his father, Thomas C. Oakley, the owner of a one-half interest in the property involved in this litigation, and as it clearly and undisputably appears that the premises are worth at least $12,000, this fact appearing by the plaintiff's own witness, while the defendants show a standing offer of $15,000, this would appear to be a proper case for a court of equity to refuse specific performance, that the

rights of the infant may not be sacrificed. It is a well-established principle relating to this subject that specific performance will never be decreed where it would be inequitable. It is immaterial whether the fact that it is inequitable arises from the provisions of the contract, or from the external facts or circumstances which affect the situation and relations of the parties, for in either case it may constitute a sufficient ground for a court of equity to withhold this peculiar relief, and leave the parties to their legal remedy. (*Stokes* v. *Stokes*, 155 N. Y. 581, 590, and authorities there cited.) In the case at bar, assuming that both of the executors had acted in the matter with a full knowledge of all the facts, it may be questioned whether a court of equity would be bound to decree the specific performance of a contract which involved the sacrifice of the property rights of the infant defendant. The right of specific performance rests in the judicial discretion of the court, and may be granted or withheld upon a consideration of all of the circumstances and in the exercise of such discretion. (*Heller* v. *Cohen*, 154 N. Y. 299, 307; *Stokes* v. *Stokes*, 155 id. 581, 590, and authorities there cited.) A careful examination of this question convinces us that the findings of fact made by the learned referee are supported by the evidence, and that upon a consideration of all of the evidence the plaintiff has failed to establish a case calling upon this court to aid in the consummation of his purchase.

Where the rights of an infant defendant are involved, and it is not shown that both of the executors to whom was confided the power of sale have acted with reference to the price to be realized, it is clear, we believe, that it would be inequitable to compel the specific performance of a contract which would result in a loss of several thousands of dollars to the real party in interest, the infant defendant, and give to the plaintiff an unfair bargain. The law is settled beyond all controversy that where a power of sale is vested in two executors the title to the real estate cannot be conveyed without a deed executed by both of them (*Wilder* v. *Ranney*, 95 N. Y. 7, 12), and the plaintiff having had notice of the fact that the property was offered for sale by a person or persons acting in a representative capacity, he was bound to know that the auctioneer, an agent of limited authority at best, was authorized to act for the executors. At least, it not being shown that both executors acted

with reference to this sale and the price at which the property should be sold, the plaintiff is not entitled in a court of equity to the aid of a decree for specific performance.

The judgment appealed from should be affirmed, with costs.

BARTLETT, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Judgment affirmed, with costs.